IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LELLIOUS HOWARD, JR.                                                                             PLAINTIFF

        v.                               Civil No. 4:07-cv-04042

JAMES A. SYLER, Attorney;
and JOE GRIFFIN, Judge,
Miller County Circuit Court                                                                      DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Lellious Howard, Jr., an inmate of the Miller County Correctional Center, brings this pro se civil rights action pursuant to 42 U.S.C. § 1983. Howard's complaint was provisionally filed on April 24, 2007, subject to a later determination of whether he qualified for in forma pauperis (IFP) status and whether service of process should issue.

### I. Background

Howard alleges that the child support enforcement attorney, James Syler, lied in court stating that he had left legal notices with Howard's nephew regarding the amount of child support Howard owed. Although Syler was told by Judge Griffin to produce the man who had served the notice in court, Howard maintains this never happened.

After having been given a personal recognizance bond in the case, Howard indicates the Judge said they would have to work on the back pay amount. Howard asserts this never happened. On January 29, 2007, when he returned to court. Howard indicates he was charged with willful contempt and placed in jail.

### II. Discussion

As part of the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321, signed into law on April 26, 1996, section 1915, which governs proceedings filed IFP, was amended

in an effort to address concerns about, and reduce the number of, frivolous prisoner initiated lawsuits. 28 U.S.C. § 1915. Prior to the PLRA's amendments to § 1915, a prisoner who attained IFP status was exempted from paying court fees. After the enactment of the PLRA, prisoners granted IFP status are required to pay the full filing fee although they were allowed to pay it in installments. 28 U.S.C. § 1915(b).

The PLRA also added subsection 1915(g) which limits the ability of a prisoner, who has filed at least three claims that have been dismissed as frivolous, malicious, or for failure to state a claim, to obtain IFP status. Specifically, § 1915(g) provides that:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision has commonly become known as the "three strikes rule" or the "three strikes provision" and has withstood constitutional challenges. *See e.g., Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999).

Howard has at least three previous actions that qualify as strikes against him under section 1915(g). *See e.g., Howard v. Booker*, Civil No. 4:03-cv-04103 (dismissed as frivolous and three strikes rule applied on 12/18/2003); *Howard v. Texarkana Police Department, et al.*, Civil No. 4:99-cv-04006 (dismissed as frivolous on 3/19/1999); *Howard v. Johnson, et al.,* Civil No. 4:99-cv-04009 (dismissed as frivolous on 3/19/1999); and *Howard v. Johnson,* Civil No. 4:99-cv-04027 (dismissed as frivolous on 6/1/1999); *Howard v. Harrison*, Civil No. 4:99-cv-04028 (dismissed as frivolous 5/5/1999).

Here careful review of Howard's complaint does not indicate that he is currently under imminent danger of serious physical injury. *Cf. Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir.

2

1998) (finding allegations of ongoing danger sufficient where prisoner specified two incidents where he had suffered harm and allegations were supported by documentary evidence, including corroborative prisoner disciplinary reports). Therefore, Howard is not eligible for IFP status.

Furthermore, the claims asserted by Howard in this case are subject to dismissal. Joe Griffin, a Miller County Circuit Court Judge, is immune from suit. *Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). *See also Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978).

Judicial immunity is overcome in two situations: (1) if the challenged act is nonjudicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *See Mireles*, 502 U.S. at 11. It is clear from the allegations of the complaint that neither situation applies here.

In the past, claims for declaratory and injunctive relief "have been permitted under 42 U.S.C. § 1983 against judges acting in their official capacity." *Nollet v. Justices of Trial Court of Com. of Mass.*, 83 F. Supp. 2d 204, 210 (D. Mass. 2000), *aff'd without op.,* 248 F.3d 1127 (1st Cir. 2000)(*citing Pulliam v. Allen,* 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984)). "However, in 1996 Congress passed the Federal Courts Improvement Act ("FCIA"), Pub. L. No. 104-317, Title III § 309(c), 110 Stat. 3847, 3853, which legislatively reversed *Pulliam* in several important respects." *Nollet*, 85 F. Supp. 2d at 210. As amended by the FCIA, § 1983 now precludes injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . .

3

unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Howard does not allege that either of these prerequisites for injunctive relief are met. *See e.g., Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999)(holding injunctive relief against a quasi-judicial official is barred if the plaintiff fails to allege a violation of a declaratory decree or the unavailability of declaratory relief); *Fox v. Lee*, 99 F. Supp. 2d 573, 575-576 (E.D. Pa. 2000)(claim for injunctive relief dismissed where plaintiff's complaint fails to allege that either of the prerequisites to injunctive relief were met); *Ackermann v. Doyle*, 43 F. Supp. 2d 265, 273 (E.D. N.Y. 1999)(dismissing action against judicial officers because plaintiff failed to allege that a declaratory decree was violated or the declaratory relief was unavailable). Thus, to the extent Howard seeks injunctive relief his claims are subject to dismissal.

Furthermore, to be entitled to equitable relief, "plaintiff must show that he has an inadequate remedy at law and a serious risk of irreparable harm." *Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d 1385, 1392 (9th Cir. 1987)(citations omitted). Equitable relief is not appropriate where an adequate remedy under state law exists. *See Pulliam,* 466 U.S. at 542 & n. 22, 104 S. Ct. at 1981 & n. 22. *See also Sterling v. Calvin*, 874 F.2d 571, 572 (8th Cir. 1989). An adequate remedy at law exists when the acts of the judicial officer can be reviewed on appeal or by extraordinary writ. *See Mullis*, 828 F.2d at 1392 (citation omitted). *See also J&M Mobile Homes, Inc. v. Hampton*, 347 Ark. 126, 60 S.W.3d 481 (2001)(discussing when a writ of prohibition is appropriate).

Finally, Howard's claims against Syler are subject to dismissal. "[I]n any § 1983 action the initial inquiry must focus on whether the two essential elements to a § 1983 action are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and

4

(2) whether this conduct deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981).

Private attorneys do not act under color of law and are not subject to suit under § 1983. *See DuBose v. Kelly*, 187 F.3d 999 (8th Cir. 1999). *See also, Polk County v. Dodson*, 454 U.S. 312, 318, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981) (public defender does not act under color of state law when performing traditional functions as counsel); *DuBose*, 187 F.3d at 1002-1003 ("[C]onduct of counsel generally does not constitute action under color of law."); *Dunn v. Hackworth*, 628 F.2d 1111, 1112 (8th Cir. 1980)("The actions of privately retained counsel are not considered state action and therefore cannot form the basis of a § 1983 claim.").

### III. Conclusion

Accordingly, I recommend that Howard's IFP application be denied as he is not eligible to proceed IFP because of the application of 28 U.S.C. § 1915(g). However, having filed this action, Howard remains liable for the filing fee. *See e.g., In re Tyler*, 110 F.3d 528, 529-530 (8th Cir. 1997)(Even if the petition is dismissed, the full filing fee is still assessed because the Prison Litigation Reform Act makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal). For this reason, the clerk should be directed to collect the $350.00 filing fee from the plaintiff.

Further, I recommend that this case be dismissed on the grounds that the claims are frivolous, fail to state claims on which relief can be granted, and seek relief against defendants who are immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action may be dismissed on such grounds at any time).

**Howard has ten (10) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Howard is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this 29th day of May 2007.

/s/ Barry A. Bryant
BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE